IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

——————————————

| | |
|---|---|
| ALAN WAYNE WILLIAMS, ) | Cause No. CV 10-48-GF-SEH-RKS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATIONS OF |
| MIKE MAHONEY; GREAT ) | U.S. MAGISTRATE JUDGE |
| FALLS TRANSITION CENTER;) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF MONTANA, ) | |
| ) | |
| Respondents. ) | |

——————————————

On July 14, 2010, Petitioner Alan Wayne Williams filed this action

for writ of habeas corpus under 28 U.S.C. § 2254.  He also filed a brief in

support.  Petitioner is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts requires summary dismissal of the petition "[i]f it

plainly appears from the face of the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court."  That is the

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

case here.  Petitioner seeks credit against his state sentence for time he spent in custody, either in jail or on electronic monitoring, between May 22, 2005, and February 7, 2006.  While the petition is likely both procedurally barred and time-barred, he is not entitled to relief on the merits.  28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

There is no federal right to credit for time served in pretrial custody. Petitioner could state a claim for federal habeas relief only if state law clearly entitles him to the credit he seeks – so clearly that he has a liberty interest in receiving the credit in question.  Hicks v. Oklahoma, 447 U.S. 343, 346 (1979).  Montana law requires credit be given to persons "incarcerated on a bailable offense . . . for each day of incarceration prior to or after conviction."  Mont. Code Ann. § 46-18-403 (2005).  However, the Montana Supreme Court held that the applicable statute lay elsewhere in the Montana Code.  It decided that Petitioner was not entitled to credit for time served on house arrest as a condition of bail.  Williams v. Mahoney, No. OP 07-0625 (Mont. Dec. 5, 2007) (applying Mont. Code Ann. § 46-9-108(1)), available at www.supremecourtdocket.mt.gov (accessed July 14,

2010).

Federal habeas relief is not available because neither Petitioner, nor this Court, nor the United States Supreme Court may second-guess the Montana Supreme Court's interpretation of Montana law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993). The petition should be denied on the merits.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner cannot make that showing here. To award relief, this Court would have to find that the Montana Supreme Court did not apply the correct state statute to Petitioner's situation. Correction of a state court's interpretation of state law is not the business of the federal courts. No reasonable federal jurist could

conclude otherwise.  A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.   Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 4

Petitioner must immediately inform the Court of any change in his

mailing address.   Failure to do so may result in dismissal of his case

without notice to him.

DATED this 16th day of July, 2010.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 5